IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XUEYONG WU,<br>a/k/a "Antonio,"<br><br>Defendant | **UNDER SEAL**<br><br>Case No. 19-mj-527 |

## GOVERNMENT'S MOTION TO SEAL COMPLAINT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint [information] until all defendants are arrested.

**REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Drug Enforcement Administration is investigating an international drug trafficking and money laundering conspiracy with ties to Mexico, China, the United States, Guatemala, and elsewhere. The investigation involves numerous cooperating sources and witnesses. Several additional defendants were also charged and are pending arrest.

2. Premature disclosure of the charges against the defendants would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest other defendants, jeopardize the safety or cooperation of a confidential witness, and jeopardize the defendant's ability to cooperate in the investigation, and may lead to the destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and

potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint and affidavit in support of the complaint would need to remain sealed until all defendants are arrested; or the United States moves to unseal the complaint and affidavit in support of the complaint.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in

support of the complaint and this Motion to Seal and proposed Order be sealed until all defendants are arrested.

                Respectfully submitted,

                G. Zachary Terwilliger
                United States Attorney

By: _____
       David A. Peters
       Assistant United States Attorney