IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division


FILED
IN OPEN COURT

JAN 16

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XUEYONG WU,<br><br>a.k.a. "ANTONIO,"<br><br>Defendant. | CRIMINAL NO. 1:20-CR-15<br><br>Count 1: Conspiracy to Distribute Five Kilograms or more of Cocaine<br>(21 U.S.C. §§ 841 and 846)<br><br>Count 2: Conspiracy to Distribute Five Kilograms or more of Cocaine, Knowing and Intending that it would be Unlawfully Imported into the United States<br>(21 U.S.C. §§ 959, 960, and 963)<br><br>Count 3: Conspiracy to Commit Money Laundering<br>(18 U.S.C. § 1956(h))<br><br>Forfeiture Notice: 18 U.S.C. § 982;<br>21 U.S.C. §§ 853 and 970 |

## INDICTMENT

January 2020 TERM - at Alexandria, Virginia

### COUNT ONE

(Conspiracy to Distribute Five Kilograms or more of Cocaine)

THE GRAND JURY CHARGES THAT:

1. From in and around 2015 and continuing thereafter up to and including the date of this Indictment, the exact dates being unknown to the Grand Jury, within the Eastern District of Virginia, and elsewhere, the defendant XUEYONG WU, also known as "ANTONIO," did knowingly and intentionally combine, conspire, confederate, and agree with others, known and

unknown to the Grand Jury, to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(In violation of 21 U.S.C. § 846).

## COUNT TWO

(Conspiracy to Distribute Five Kilograms or More of Cocaine Knowing
and Intending that it would be Unlawfully Imported into the United States)

THE GRAND JURY FURTHER CHARGES THAT:

2. From in and around 2015 and continuing thereafter up to and including the date of this Indictment, the exact dates being unknown to the Grand Jury, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, including in Mexico, Colombia, Guatemala, Belize, China, and the United States, and elsewhere, the defendant XUEYONG WU, also known as "ANTONIO," whose joint offenders were first brought to the Eastern District of Virginia, did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21 United States Code, Sections 959(a), 960(a), and 963.

(In violation of 21 U.S.C. § 963).

# COUNT THREE

(Conspiracy to Commit Money Laundering)

THE GRAND JURY FURTHER CHARGES THAT:

3. Beginning in and around 2015, and continuing until at least in and around the date of this Indictment, the exact dates being unknown to the Grand Jury, within the Eastern District of Virginia, and elsewhere, the defendant XUEYONG WU, also known as "ANTONIO," did knowingly, and intentionally, combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute controlled substances as alleged in Count One and Count Two of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the conspiracies as alleged in Count One and Count Two, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances as alleged in Count One and Count Two of this Indictment, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such

transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i). (In violation of 18 U.S.C. § 1956(h)).

## **FORFEITURE NOTICE**

THE GRAND JURY HEREBY FINDS probable cause that the property described in this NOTICE OF FORFEITURE is subject to forfeiture pursuant to the statutes described herein. Pursuant to Fed.R.Crim.P. 32.2(a), the defendants, are hereby notified that if convicted of Counts One and Two of this Indictment, they shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and 970, any property constituting, or derived from, any proceeds each defendant obtained, directly or indirectly, as the result of such violation; and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

If convicted of Count Three of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) all property, real or personal, involved in the offense and any property traceable thereto. The property subject to forfeiture includes at least:

a. $30,000,000.00 in United States currency representing proceeds the defendants obtained in the course of the drug conspiracies and property involved in the money laundering conspiracy, as alleged in this Indictment;

b. Men's 2-tone 18k yellow gold and stainless steel Rolex Daytona Cosmograph Watch, Serial number K105940;

c. Ladies 18k white gold diamond engagement ring;

d. Men's 18k white gold diamond ring.

(Pursuant to Title 18 United States Code, Section 982 and Title 21, United States Code, Sections 853 and 970, and Fed.R.Crim.P.32.2).

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
Foreperson under seal in the Clerk's Office

G. Zachary Terwilliger
United States Attorney

By: _____
David A. Peters
Michael P. Ben'Ary
Assistant United States Attorneys