IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XUEYONG WU,<br><br>Defendant. | No. 1:20-CR-15 (LMB)<br><br>Sentencing Date: September 29, 2020 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), files this Position of the United States With Respect to Sentencing in the instant case. The United States has reviewed the Presentence Report and concurs with the findings of the Probation Office.   The defendant's resulting guideline range is therefore 135-168 months. However, given the need to avoid unwarranted sentencing disparities, and owing to the defendant's role vis-à-vis certain of his conspirators, the government respectfully recommends that a sentence of 90 months is reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Further, the United States agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This one-level decrease has

already been taken into account by the Probation Office in its guideline calculations and is reflected in paragraph 43 of the Presentence Report.

I.        Factual and Procedural Background

International cocaine trafficking has but one purpose: to enrich drug-dealers and their co-conspirators.   The United States is the world's largest drug market, making the calculus for international drug traffickers simple: sell as much as possible in the United States.   But that is only the first step to unjust enrichment.   Once the drugs are sold, the cash those sales generate must be remitted across the border.   Money launderers, such as the defendant fill this critical need.

Starting in at least 2016, the defendant worked with a confederation of individuals to help foreign drug trafficking organizations (DTOs) launder their United States-based proceeds through domestic and international financial institutions and businesses.   This process, known colloquially as "trade-based money laundering," spans the globe and enables the activities of some of the world's most notorious and violent criminal organizations, including Mexican drug cartels.   The defendant and his conspirators earned commissions from DTOs based on the amount of money involved in each transaction.   In its most basic form, the goal of the defendant and his conspirators was to convert United States dollars to Chinese currency, known as RMB, so it could be used as part of a broader trade-based money laundering cycle.   Specifically, the defendant organized the collection and transportation of bulk drug cash in the United States so it could be laundered as referenced above.   By his own admission, the defendant's conspiracy laundered millions of dollars during the relevant period, thereby enabling the continued viability of international drug trafficking.

II.      Analysis of Sentencing Factors

    A.    General Overview of Applicable Law

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

18 U.S.C. § 3553 states that the Court should consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, it states that the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The sentence should also protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). The Court shall also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

    B.    Sentencing Recommendation

The government agrees that the defendant's guideline range is correctly calculated at 135-168 months. However, given the defendant's role as an "average" participant, PSR at ¶ 30, in relation to organizers like Qiyun Chen—who this Court sentenced to 120 months'

3

imprisonment—the government submits that a sentence below the applicable range is appropriate, and recommends this Court impose a sentence of 90 months.   Bearing this recommendation in mind, it is important that this Court consider that without the defendant's conduct, drug trafficking in the United States has no value to foreign DTOs.   But with the defendant's help drug trafficking generates vast sums of money on the back of human suffering.   This Court has an opportunity to signal that this conduct is unacceptable and will result in serious consequences in the United States.

The defendant's conduct also justifies the recommended sentence.   The evidence and agreed upon facts establish that the defendant carefully cultivated and maintained a large network of co-conspirators in the United States and throughout the world to accomplish his nefarious purpose.   He was not an addict, nor was he pressured into pursuing these activities.   He did so purely out of greed.   The fact that he is part of a seemingly loving family does not change this immutable fact.   Nor should this Court be swayed by the fact that the defendant will likely be removed from the United States upon the completion of his sentence.   Indeed, the defendant committed the overwhelming majority of his misconduct while beyond the borders of the United States.

Conclusion

      This offense is unavoidably serious and requires a significant sentence. The defendant's activities allowed international drug traffickers to recoup enormous profits. Therefore, the government recommends this Court impose a sentence of 90 months' imprisonment.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

                  By:          /s/
                          David A. Peters
                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, I filed the foregoing with the Clerk of Court.

In addition, I hereby certify that on September 22, 2020, I emailed a copy of the foregoing to the following addresses:

Jennifer Lyerly
U.S. Probation Officer
10500 Battlefield Parkway, Suite 100
Manassas, Virginia 20109
Phone:   (703) 366-2141
E-mail:   Jennifer_Lyerly@vaep.uscourts.gov

Edward MacMahon, Esq.
P.O. Box 25
107 East Washington Street
Middleburg, Virginia   20118
Phone:   540-687-3902
Email:   ebmjr macmahon-law.com <ebmjr@macmahon-law.com>

/s/
David A. Peters
Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   (703) 299-3700
Fax:     (703) 299-3980
E-mail:   david.peters@usdoj.gov