```
                                              FILED
                                         IN OPEN COURT

                                           SEP 29 2020

                                       CLERK, U.S. DISTRICT COURT
                                          ALEXANDRIA, VIRGINIA
```

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:20-CR-15 |
| ) | |
| XUEYONG WU, ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on July 29, 2020, the defendant, Xueyong Wu, pleaded guilty to Count Three of the indictment charging the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and agreed to forfeit all of the defendant's interest in the property that is the subject of this order of forfeiture and to the entry of an order of forfeiture concerning such property;

WHEREAS, the defendant obtained at least $4,326,660.00 representing proceeds the defendant personally obtained from his participation in the conspiracy to commit money laundering, the offense of conviction, and an amount for which the defendant will be solely liable;

AND WHEREAS, the Defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), and 18 U.S.C. § 982(a)(1), against the defendant, Xueyong Wu for $4,326,660.00, an amount that represents the illegal proceeds the defendant personally obtained from his participation in the conspiracy to commit money laundering, the offense of conviction, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said money judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3  In partial satisfaction of the money judgment, the following assets are forfeited to the United States of America, pursuant to 18 U.S.C. § 982(a)(1) or 21 U.S.C. § 853(p), up to the amount of $4,326,660.00, as property that is involved in the offense, or property that is traceable to such property, or as a substitute thereof:

   A. <u>The following Miscellaneous Jewelry:</u>

      i. Men's 2-tone 18k yellow gold and stainless steel Rolex Daytona Cosmograph Watch, serial number K105940;

4. The Attorney General, Secretary of the Treasury, The Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, <u>www.forfeiture.gov</u> , for 30 consecutive days, and to the extent

practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

6. This forfeiture order is final as to the Defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and 21 U.S.C. 853 (a).

7. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8. If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date: September 29, 2020
Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3

/s/
Leonie M. Brinkema
United States District Judge

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

By: _____
David A. Peters
Assistant United States Attorney

_____
Xueyong Wu
Defendant

_____
Edward MacMahon, Esq.
Counsel for Defendant

4